IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERT BENOIT, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-1762 |
| | : | |
| WARDEN DAVID EBBERT, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

**MEMORANDUM**

October 16, 2015

**Background**

Wilbert Benoit, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241.  Named as sole Respondent is Warden David Ebbert of USP-Lewisburg.  The required filing fee has been paid.

Petitioner states that he entered a guilty plea in the United States District Court for the Southern District of Florida on January 29, 2010.  According to Benoit, his conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit on August 16, 2010.

Petitioner also indicates that he previously sought relief with the sentencing

court via a petition pursuant to 28 U.S.C. § 2255.

Petitioner's pending action seeks habeas corpus relief on the basis his underlying criminal indictment was insufficient.  See  Doc. 1, p. 10.  He explains that the allegations in Count One of the indictment did not state a federal offense. The Petition generally indicates that Count One of the underlying indictment charged Benoit with a "commercial" crime but there was no corresponding regulation published in the Federal Register.  Id.   Due to the absence of a published regulation, Benoit concludes that his guilty plea is invalid because Count One "did not state a federal offense."  Id. at p. 11.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of unconstitutional conviction and sentence via a § 2241 petition. It would appear that it is Benoit's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Lewisburg.

When challenging the validity of a federal sentence and not its execution,[1] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under

---

[1] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

3

§ 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539.  See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his guilty plea and sentence which were entered in the Southern District of Florida.  Thus, he must do so by following the requirements of  § 2255.  As previously noted, Petitioner states that he filed a direct appeal and a § 2255 action.  Moreover, there is no indication by Petitioner that he previously sought relief seek authorization from the appropriate

Court of Appeals to file a second or successive § 2255 petition for the purpose of pursuing his present claim.

Benoit's instant claim is not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the Honorable Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Benoit's pending claim does not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009). As previously noted, Petitioner has not properly sought authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition for the

purpose of pursuing his present <u>Burrage</u> claim.  <u>See</u> <u>Dixon v. Warden, FCI-Schuylkill</u>, 2015 WL 871828 *3  (M.D. Pa. Feb. 27, 2015)(before the federal court door to the filing of a § 2241 petition opens, the applicant is first required to seek authorization from the Court of Appeals for the Eleventh Circuit to file a second or successive § 2255 petition).

Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction.  This dismissal has no effect on Petitioner's right to properly seek authorization from the Eleventh Circuit to file a second or successive § 2255 petition.  An appropriate Order will enter.

BY THE COURT:

  s/ Mathew W. Brann  
Matthew W. Brann  
United States District Judge